**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR AUGUSTO ORTIZ, | No. 08-71295 |
| Petitioner, | Agency No. A072-684-387 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 23, 2010[**]

Before:      LEAVY, HAWKINS, and THOMAS, Circuit Judges.

Cesar Augusto Ortiz, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We review for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000), and we deny the petition for review.

Substantial evidence supports the agency's determination that Ortiz did not establish past persecution based on threats by the guerillas and a single instance of mistreatment by soldiers. *See id.* at 936 (only in "certain extreme cases [have we] held that repeated and especially menacing death threats can constitute a primary part of a past persecution claim"). Substantial evidence also supports the agency's determination that Ortiz failed to establish a well-founded fear of future persecution in light of changed country conditions following the 1996 peace accords. *See Molina-Estrada v. INS,* 293 F.3d 1089, 1096-97 (9th Cir. 2002).

Because Ortiz did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED**.